

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,423-02

**EX PARTE LORENZO LEROY THOMPSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2010CR5922-W2 IN THE 290TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*. YEARY, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fourth Court of Appeals affirmed his conviction. *Thompson v. State*, 423 S.W.3d 475 (Tex. Crim. App. —San Antonio Jan. 29, 2014) (pet. ref'd).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance for various reasons. The trial court has entered findings of fact and conclusions of law relying on

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

affidavits submitted by Applicant's trial counsel in response to a previous habeas application that was dismissed by this Court as non-compliant. However, the affidavits provided in response to the previous application do not directly address several of the claims made by Applicant in this application.

Specifically, Applicant alleges that trial counsel stated during opening arguments that the jury would hear evidence that the victim had reached through the window and grabbed the steering wheel of Applicant's vehicle, but then failed to elicit testimony or present evidence of this fact, allowing the State to emphasize this "broken promise" during closing arguments. Applicant also alleges that he wanted to testify on his own behalf, but that trial counsel prevented him from doing so without advising him that it was ultimately his decision whether or not he should testify. Applicant alleges that trial counsel stated during closing arguments that there was no damage to the front end of Applicant's vehicle, which was contradictory to Applicant's recorded statement and undermined his credibility. Applicant also alleges that trial counsel failed to investigate and present evidence that there was a gouge in the roadway caused by another vehicle making a sudden stop in front of Applicant's vehicle, which would have supported the defensive theory that the collision was caused by the other driver's sudden stop rather than by Applicant's own actions.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond specifically to the above-described claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art.

11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: June 26, 2019
Do not publish